Filed 9/30/22  In re B.R. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re B.R. et al., Persons Coming Under the Juvenile Court Law. | C094405 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.C.,<br><br>Defendant and Appellant. | (Super. Ct. No. STKJVDP20160000359) |

Appellant T.C., mother of the minors, B.R-D., Y.T., L.W., and J.W. (collectively, the minors), appealed from the juvenile court's order denying her request that the court place the minors with C.T., maternal grandmother of the minors (grandmother).  (Welf. & Inst. Code, §§ 361.3, 388, 395; statutory section citations that follow are found in the

Welfare and Institutions Code unless otherwise stated.) However, on April 12, 2022, while briefing was ongoing in this matter, this court affirmed the juvenile court's denial of placement in the home of grandmother. On this basis, mother conceded in her reply brief that her argument regarding the issue of relative placement with grandmother has been finally determined by this court's decision. Mother's sole remaining contention is that the San Joaquin County Human Services Agency (Agency) and the juvenile court failed to comply with the inquiry requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.) We affirm the juvenile court's orders.

## FACTS AND HISTORY OF THE PROCEEDINGS

Because the issue on appeal is limited to ICWA compliance, we dispense with a detailed recitation of the underlying facts and procedures.

B.R-D. and Y.T. and their younger maternal half siblings, L.W. & J.W. were removed from mother's care in May 2020, by the Agency following the death of their stepsibling, B.W. The court later sustained allegations under subdivisions (a), (b)(1), (f), (g), and (j) of section 300, regarding mother T.C. and stepfather Bi.W. (stepfather).

At a July 9, 2020, jurisdictional hearing, father of B.R-D (father R-D.), appeared and informed the juvenile court that he had Native American ancestry, but when questioned by the court, he stated that he did not know the tribe and that all of his relatives who might have additional information were deceased.

The Agency later filed a jurisdictional report, dated September 28, 2020, incorrectly indicating that father R-D. had stated to the court on July 9, 2020, that there was no Native American ancestry on the paternal side of the family and that in a prior 2016 dependency case, the court found ICWA did not apply to any of the four children.

In a March 15, 2021, detention report, the Agency reported that there was no reason to believe the minors were Indian children within the meaning of the ICWA. The report noted that mother, stepfather, and father of Y.T. (father T.), stated that they did not

have any Native American ancestry. The report incorrectly stated that father R-D. stated that he reported having no Native American ancestry, but showed that an ICWA-020 form was mailed to him, and he never returned the form. The report again noted that in a 2016 dependency case with the same minors, the juvenile court found that ICWA did not apply to any of the four minors.

On October 26, 2020, grandmother filed a section 388 petition requesting that the court change its placement order and place the minors with her. Following a hearing on the matter, on June 15, 2021, the court issued a written ruling regarding grandmother's request for placement of the minors with her under section 388.

Mother filed a timely notice of appeal.

DISCUSSION

I

*Placement Request*

Mother filed an appeal from the denial of grandmother's petition requesting placement of the minors. In her opening brief, mother joined in grandmother's argument in her appeal of the order denying placement. (*In re B.R.* (Apr. 12, 2022, C094639) [nonpub. opn.].) After filing her opening brief, on April 12, 2022, this court affirmed the juvenile court's denial of placement in the home of grandmother. (*Ibid.*) The remittitur was filed in that case on June 23, 2022. Mother conceded in her reply brief here that her argument regarding the issue of placement with grandmother has been finally determined by this court's decision in *In re B.R.* and the only remaining issue in this appeal is the ICWA issue. (See *People v. Jurado* (2006) 38 Cal.4th 72, 94 ["Under the doctrine of the law of the case, a principle or rule that a reviewing court states in an opinion and that is necessary to the reviewing court's decision must be applied throughout all later proceedings in the same case, both in the trial court and on a later appeal"].) We accept the concession and shall affirm the juvenile court's orders.

## II

### *ICWA Inquiry*

Mother contends that conditional reversal for further ICWA inquiry and notice is required due to noncompliance with the inquiry and notice requirements of the ICWA despite a reason to believe the minor, B.R-D., was an Indian child based on the initial representation of the minor's father, father R-D., that he may have Native American ancestry. Specifically, mother contends: "There is no evidence that the [social] worker spoke with [father R-D.] at the hearing on July 9 or called him thereafter to ask him the names of his Indian ancestors and relevant information regarding them (e.g., dates and places of birth and death and whether they lived on a reservation). Sending him the ICWA-020 form was insufficient to satisfy this duty." Mother contends that a limited remand is necessary for "further inquiry and notice to, at the very least, the BIA [Bureau of Indian Affairs]."

The Agency contends that the affirmative duty to make further inquiry was not possible because father R-D. stated there were no other relatives from whom the Agency could obtain additional information, and he was not responsive to any further attempts to make contact with him. The Agency further contends that "any ICWA notice sent to the BIA with the extremely limited information provided here, would be meaningless at best." Mother contends further inquiry was possible because the Agency could have asked father R-D. for "the names, dates of birth, and dates of death, etc., of his parents and grandparents." While we question the merits of the ICWA claim in light of the limited information father R-D. provided, as we shall explain, the ICWA issue is premature, and we will affirm the juvenile court's orders on that basis.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency

4

proceedings. (See 25 U.S.C. § 1902; *In re Levi U.* (2000) 78 Cal.App.4th 191, 195-196.) A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' (25 U.S.C. § 1901(3).)" (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

Section 224.2, subdivision (e) provides that if the court or social worker has *reason to believe* that an Indian child is involved in a proceeding, the court or social worker shall, as soon as practicable, make further inquiry regarding the possible Indian status of the child. As relevant here, further inquiry includes interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.3. (§ 224.2, subd. (e).)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.,* subd. (e), italics added.) Third, if that further inquiry results in a *reason to know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.,* subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is

an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) "The juvenile court must determine whether proper notice was given under ICWA and whether ICWA applies to the proceedings." (*In re E.W.* (2009) 170 Cal.App.4th 396, 403.)

Here, father R-D. initially indicated to the juvenile court that he may have Indian ancestry, but he was unsure of the tribe and did not have any living relatives with further information. The Agency reported mailing father R-D. an ICWA-020 form, which he never returned. There is no indication in the Agency's reports that the Agency undertook any further ICWA inquiry of father R-D. However, as mother discusses, the juvenile court made no final ICWA finding at or before the challenged orders as to whether the ICWA applied to the proceedings. Accordingly, mother's claim is premature. That is, the ICWA issues are not ripe for review.

" 'Ripeness' refers to the requirements of a current controversy." (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) An issue is not ripe for review unless and until it is "sufficiently concrete to allow judicial resolution even in the absence of a precise factual context." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170-172.) We conclude that because the minor's dependency case is still ongoing, any perceived deficiencies with the ICWA inquiry and noticing may still be resolved during the normal course of the ongoing dependency proceedings. (See, e.g., *In re M.R.* (2017) 7 Cal.App.5th 886, 904 [the ICWA claim was premature where no final ICWA ruling made at dispositional hearing].) Therefore, we decline mother's invitation to assess the adequacy of the ICWA inquiry and noticing process that is, based on our assessment of the record, still ongoing.

DISPOSITION

The orders of the juvenile court are affirmed.

                                        _____

                                        HULL, Acting P. J.

We concur:

_____

KRAUSE, J.

_____

EARL, J.